UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARVIN VANBEEK, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>NORTHSHORE CHRISTIAN CHURCH, a Washington nonprofit corporation; "DOE(S) 1-100", employees of NORTHSHORE CHRISTIAN CHURCH; and "CORPORATION(S) XYZ 1-100,"<br><br>　　　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>[JURY DEMAND] |

COMES NOW Plaintiff Arvin VanBeek, by and through his attorneys of record, Ada K. Wong and Jordan T. Wada, of AKW Law, P.C., in the above-entitled matter and alleges as follows:

### I.　　PARTIES

1. Plaintiff Arvin VanBeek is an adult citizen of the United States.

2. Defendant Northshore Christian Church ("NCC") is, and was at all times material hereto, a Washington state entity doing business in Snohomish County, Washington, located at 5700 23rd Dr W, Everett, WA, 98203. Defendant NCC has employed 15 or more employees at all relevant times herein and is an employer as defined in the Washington Law Against Discrimination ("WLAD") and a covered entity as defined in the Americans with Disabilities Act of 1990 ("ADA"). Defendant

COMPLAINT FOR DAMAGES - 1
*VANBEEK V. NORTHSHORE CHRISTIAN CHURCH, ET AL.*

**AKW LAW, P.C.**
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

NCC has also employed more than 50 employees at all relevant times herein and is a covered employer as defined in the Family and Medical Leave Act ("FMLA").

3. Defendants "Doe(s) 1-100," in doing the things complained of herein, were acting within the course and scope of their employment by NCC.

4. Defendants "Corporation(s) XYZ 1-100" are corporations whose identities are unknown to Plaintiff at this time but in doing the things complained of herein, were acting within the course and scope of their relationship with Defendants and/or were entities involved in causing harm to Plaintiff as alleged herein.

5. Each Defendant is, and at all times herein mentioned was, an agent of the other and acting within the course and scope of Defendant NCC in causing the harm as alleged herein.

## II.   JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the Constitution, laws, or treaties of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391 because Defendant NCC is located in Snohomish County, Washington, and a substantial part of the events or omissions giving rise to the claim occurred in Snohomish County, which is within the district of the Western District of Washington at Seattle.

8. On or about March 8, 2022, Plaintiff Vanbeek initiated a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of disability and retaliation against NCC. On or about December 14, 2022, the EEOC issued Plaintiff a Notice of Right to Sue.

COMPLAINT FOR DAMAGES - 2
VANBEEK V. NORTHSHORE CHRISTIAN CHURCH, ET AL.

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

### III. **FACTS**

9. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 8, above.

10. On or about October 21, 2019, Plaintiff began working for NCC as a Custodian. His wage was approximately $16.25 per hour.

11. Plaintiff has several medical conditions: Both of Plaintiff's knees have been replaced, he has Type-2 Diabetes, and he has a pacemaker in his heart to regulate atrial fibrillation.

12. Plaintiff also takes different kinds of medications to manage his diabetes, blood pressure, cholesterol, and other heart-related issues.

13. Plaintiff explicitly informed NCC of his disabilities during his employment interview.

14. In addition, Plaintiff and his wife, Alice VanBeek, have been members of NCC for over 25 years. Accordingly, Plaintiff and Mrs. VanBeek are very familiar with most members of the congregation. Plaintiff and Mrs. VanBeek also know and are friends with members of the ministry staff.

15. The ministry staff have managerial authority over all church staff, including the Facilities Department where Plaintiff worked.

16. Both the congregation and the ministry staff were aware of Plaintiff's medical conditions.

17. Plaintiff was able to perform all the duties of his job despite his medical conditions.

18. Plaintiff routinely worked all the hours he was scheduled to work, including overtime.

19. In 2021, the only exception to Plaintiff's consistent work schedule was medical leave that he took in May 2021 to care for his wife and, thereafter, recover from a stroke that he suffered.

20. On or about May 17, 2021, Mrs. VanBeek, was scheduled to undergo major surgery,

COMPLAINT FOR DAMAGES - 3
VANBEEK V. NORTHSHORE CHRISTIAN CHURCH, ET AL.

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

so Plaintiff took the day off to be at the hospital with her.

21. However, Mrs. VanBeek's surgery was delayed to May 18, 2021.

22. Plaintiff accordingly communicated the delay of Mrs. VanBeek's surgery to NCC.

23. After Mrs. VanBeek's surgery concluded on the morning on May 18, 2021, Plaintiff returned to work.

24. On or about May 24, 2021, Plaintiff went on medical leave because, unfortunately, Mrs. VanBeek suffered complications from her surgery, including infections. Mrs. VanBeek needed 24-hour care.

25. Plaintiff communicated this unexpected need to care for Mrs. VanBeek to NCC.

26. On or about June 25, 2021, Plaintiff had a hospital appointment for a minor medical procedure. While at the hospital, Plaintiff suffered a stroke unrelated to the scheduled medical procedure.

27. Mrs. VanBeek informed NCC of Plaintiff's stroke and requested additional leave, which was granted. Mrs. VanBeek also communicated a "prayer request" to NCC because of Plaintiff's stroke and her illness.

28. Every Tuesday, NCC staff gather to pray for members upon request.

29. In keeping with this tradition, NCC staff, including Facilities Manager Patrick Hart, gathered to pray for the health of Plaintiff and Mrs. VanBeek.

30. On or about July 13, 2021, Plaintiff received a doctor's letter stating that he could return to work without accommodation on July 15, 2021.

31. Plaintiff gave a copy of this letter to his supervisor, Jacqueline Miller.

32. On or about July 15, 2021, Plaintiff returned to work without accommodation and resumed working full time.

COMPLAINT FOR DAMAGES - 4
*VANBEEK V. NORTHSHORE CHRISTIAN CHURCH, ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

33. In the first conversation Plaintiff had with Supervisor Miller, she ominously warned that "you're going to have to do your job," even though he had no prior job performance issues.

34. On or about July 23, 2021, Plaintiff asked Supervisor Miller to take July 26, 2021 off from work to celebrate his 46th wedding anniversary – an especially important day after the medical hardship both Plaintiff and his wife had endured over the past few months.

35. Supervisor Miller denied Plaintiff's request, stating that he had taken off too much time recently – a direct reference to Plaintiff's medical leave.

36. However, Manager Hart, who manages Supervisor Miller, overrode her decision and approved Plaintiff's request.

37. Around this time, Plaintiff felt that Supervisor Miller was becoming increasingly hostile as Plaintiff felt like he could never do a satisfactory job in her eyes, despite his best efforts, and that she wanted him gone.

38. Supervisor Miller frequently yelled at Plaintiff for what she perceived as "errors" or "poor performance," even though Plaintiff never received any written discipline or performance issue documentation.

39. Supervisor Miller also personally assigned a disproportionate number of additional tasks to Plaintiff.

40. While Plaintiff was happy to take on these additional tasks because he prides himself as a hard worker, he could not help but notice that she was singling him out.

41. Plaintiff reported Supervisor Miller's behavior to Manager Hart and Greg Schafnitz, an Associate Pastor at the church that had control over the Facilities Department.

42. Neither Manager Hart nor Associate Pastor Schafnitz took any remedial action.

43. Associate Pastor Schafnitz simply told Plaintiff, "That's just Jacqueline."

COMPLAINT FOR DAMAGES - 5
VANBEEK V. NORTHSHORE CHRISTIAN CHURCH, ET AL.

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

44. Plaintiff also discussed Supervisor Miller's hostility with his coworkers, Jacob VanderVate and Gordy (last name unknown), but both were afraid to get involved beyond privately acknowledging her hostile conduct.

45. On or about September 7, 2021, Supervisor Miller berated Plaintiff for using his disabled parking permit.

46. That day, the parking lot was particularly crowded, so Plaintiff used his parking permit to park in a disabled parking zone.

47. In the middle of his shift, Supervisor Miller approached Plaintiff and chastised him for parking in a disabled person's space.

48. Supervisor Miller then accused Plaintiff of using a parking permit meant for Mrs. VanBeek.

49. Plaintiff responded that he used his own permit, to which Supervisor Miller simply said "Oh," and walked away.

50. On or about September 8, 2021, there was flooding at the church building.

51. Mr. VanderVate discovered the flooding from an unknown source and sent Plaintiff to inform Facilities Team Lead Bob Dawson.

52. While waiting for Mr. Dawson to retrieve a water vacuum to clean up the flood, Plaintiff continued cleaning another section of the building.

53. Supervisor Miller saw Plaintiff and scolded him for not alerting her or Manager Hart of the flood. Supervisor Miller then called Manager Hart, who told her that she needed to calm down.

54. Once Bob arrived with the machine, Plaintiff began vacuuming out the water.

55. Almost immediately, Supervisor Miller told Plaintiff he was not operating the machine correctly and yanked the vacuum from his hands, leaving Plaintiff stunned.

COMPLAINT FOR DAMAGES - 6
*VANBEEK V. NORTHSHORE CHRISTIAN CHURCH, ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

1  56. Supervisor Miller then yelled at Plaintiff to get rags to clean the machine.

2  57. When Plaintiff returned, he explained that Supervisor Miller was acting aggressively
3  towards him and to please stop or he would have to report her to human resources.

4  58. Supervisor Miller told Plaintiff that if he was threatening her with human resources,
5  then he should go and report her now.

6  59. At that point in the evening, human resources had already left work, and the events of
7  the next two days would prevent Plaintiff from filing a report.

8  60. On or about September 9, 2021, as he arrived for work, Plaintiff began to feel minor
9  chest pain.

10 61. This was not the first time Plaintiff experienced chest pain at work, and he could readily
11 manage the flare up with his nitroglycerin medication and pacemaker.

12 62. At approximately 2:30 p.m., Plaintiff took a tablet of nitroglycerin.

13 63. His coworker, Bob, noticed that Plaintiff appeared short of breath and told him to sit
14 down for a few minutes.

15 64. Plaintiff did sit down for a few minutes but was otherwise fine and continued working.

16 65. At approximately 5:30 p.m., Plaintiff was called into Manager Hart's office.

17 66. At some point between 2:30 p.m. and 5:30 p.m., Mr. Dawson had reported to Manager
18 Hart that Plaintiff appeared short of breath.

19 67. Manager Hart told Plaintiff that he needed to either immediately go home or go to the
20 hospital in an aid car.

21 68. Plaintiff explained, in vain, that he was fine and did not need to go the hospital.

22 69. Manager Hart refused to listen to Plaintiff and insisted that he needed to go home or to
23 the hospital right away.

COMPLAINT FOR DAMAGES - 7
*VANBEEK V. NORTHSHORE CHRISTIAN CHURCH, ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

70. Plaintiff chose to return home in lieu of an expensive and unnecessary trip to the hospital.

71. As he arrived for work the next day, on or about September 10, 2021, Plaintiff was called into a meeting with Manager Hart, Supervisor Miller, and Human Resources Manager Carla Blake.

72. Manager Hart told Plaintiff that he was being laid off.

73. Plaintiff, surprised by the meeting and termination, asked if the reason was because of the flooding two days earlier.

74. Manager Hart told Plaintiff he was being laid because of health reasons and missing too much time, not the flooding.

75. Curiously, the termination letter given to Plaintiff that same day states that he was being terminated because he was not able to consistently perform the duties of his position, despite having never been disciplined for poor performance.

76. On or about September 11, 2021, Plaintiff met with Associate Pastor Schafnitz. Associate Pastor Schafnitz was upset to learn that Plaintiff was terminated and advised Plaintiff that he should consider filing a lawsuit against Supervisor Miller.

### IV.   FIRST CAUSE OF ACTION

### (AMERICANS WITH DISABILITIES ACT – DISABILITY DISCRIMINATION)

77. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 76, above.

78. Plaintiff is, at all times material thereto, a qualified individual with an impairment that limited his major life activities.

COMPLAINT FOR DAMAGES - 8
VANBEEK V. NORTHSHORE CHRISTIAN CHURCH, ET AL.

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

79. Defendant NCC treated Plaintiff differently in terms and conditions of his employment on the basis of the presence of a disability, his record of disability, and/or because it regarded Plaintiff as disabled, in violation of the Americans with Disabilities Act of 1990, as amended, and Americans with Disabilities Amendments Act of 2008, 29 U.S.C. §§ 12101 *et seq.* ("ADA").

80. As a direct and proximate cause of Defendants' deliberate actions, including termination of Plaintiff, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering in an amount to be proven at trial.

81. The conduct of Defendants, and each of them, was done in reckless and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is mandated against each Defendant.

82. All Defendants are liable for said conduct under both vicarious liability and on agency relationship.

## SECOND CAUSE OF ACTION

## (AMERICANS WITH DISABILITES ACT – HOSTILE WORK ENVIRONMENT)

83. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 82, above.

84. Defendant NCC subjected Plaintiff to a hostile work environment on the basis of disability in violation of the ADA, including but not limited to subjecting Plaintiff to ongoing harassment and verbal abuse because of his actual, history of, and/or perceived disability as described above.

COMPLAINT FOR DAMAGES - 9
*VANBEEK V. NORTHSHORE CHRISTIAN CHURCH, ET AL.*

**AKW LAW, P.C.**
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

85. Defendants were aware that Plaintiff reported the hostile work environment, yet failed to take reasonable steps to investigate these reports and allegations, and failed to ensure by appropriate corrective action and/or engage in any remedy of the situation.

86. At no time did Plaintiff consent or acquiesce to any of the illegal acts and/or illegitimate behaviors described above.

87. As a direct and proximate cause of Defendants' actions, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial. Plaintiff is entitled to equitable relief for Defendants' retaliation against him in violation of the ADA, including, but not limited to, reinstatement or hiring, back pay, front pay, injunctive relief, and any other equitable relief as the court deems appropriate.

88. All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

**THIRD CAUSE OF ACTION**

**(WLAD – DISABILITY DISCRIMINATION)**

89. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 88, above.

90. The Washington Law Against Discrimination, RCW 49.60, *et seq.*, ("WLAD") makes it unlawful for an employer to discharge and/or "discriminate against any person in compensation or in other terms or conditions of employment because of … the presence of any sensory, mental, or physical disability …."

91. Defendant NCC treated Plaintiff differently in the terms and conditions of his employment on the basis of the presence of any sensory, mental, or physical disability, record or

COMPLAINT FOR DAMAGES - 10
*VANBEEK V. NORTHSHORE CHRISTIAN CHURCH, ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

history of disability, and/or because of Plaintiff's actual or perceived disability in violation of the WLAD.

92.  As a direct and proximate cause of Defendants' deliberate actions, including termination of Plaintiff, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

93.  All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

**FOURTH CAUSE OF ACTION**

**(WLAD – HOSTILE WORK ENVIRONMENT BECAUSE OF DISABILITY)**

94.  Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 93, above.

95.  The WLAD prohibits discrimination "against any person in compensation or in other terms or conditions of employment because of … the presence of any sensory, mental, or physical disability …." RCW 49.60.180(3).

96.  Defendant NCC subjected Plaintiff to a hostile work environment on the basis of disability in violation of the WLAD, including but not limited to subjecting Plaintiff to ongoing harassment and verbal abuse because of his disability as described above.

97.  Defendants were aware that Plaintiff reported the hostile work environment, yet failed to take reasonable steps to investigate these reports and allegations, and failed to ensure by appropriate corrective action and/or engage in any remedy of the situation.

98.  At no time did Plaintiff consent or acquiesce to any of the illegal acts and/or illegitimate behaviors described above.

COMPLAINT FOR DAMAGES - 11
*VANBEEK V. NORTHSHORE CHRISTIAN CHURCH, ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

99. As a direct and proximate cause of Defendants' actions constituting hostile work environment, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

100. All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

**FIFTH CAUSE OF ACTION**

**(FMLA – 29 USC § 2615 – INTERFERENCE)**

101. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 100, above.

102. The Family Medical Leave Act (FMLA) provides employees the right to return to his job or an equivalent job after using protected leave. 29 U.S.C. §§ 2612(a), 2614(a). In implementing this objective, Congress made it unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the Act. 29 U.S.C. § 2615(a)(1).

103. Failure to notify an employee of their rights under FMLA constitutes interference. *Liston v. Nevada ex rel. its Dep't of Bus. & Indus.*, 311 Fed. Appx. 1000, 1002 (9th Cir. 2009) ("The failure to notify an employee of her rights under the FMLA can constitute interference if it affects the employee's rights under FMLA."); *see Mora v. Chem-Tronics, Inc.*, 16 F. Supp. 2d 1192, 1227 (S.D. Cal. 1998) (Interference existed where Defendant failed to provide a written notice of FMLA rights and obligations, and Plaintiff's superiors were not adequately trained).

104. Defendant was required to notify Plaintiff of his eligibility to take protected medical leave under the FMLA, and Defendant failed to do so, thus constituting interference.

105. As a direct and proximate cause of Defendants' deliberate actions, including

COMPLAINT FOR DAMAGES - 12
*VANBEEK V. NORTHSHORE CHRISTIAN CHURCH, ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

termination of Plaintiff because of his medical conditions and "missing too much time," Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### (NEGLIGENT SUPERVISION AND HIRING AND FAILURE TO TRAIN)

106. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 105, above.

107. Defendants were negligent in training, hiring, managing, and/or supervising their managers, supervisors, employees, and/or agents. Defendants were aware or should have been aware of the unlawful actions of their managers, supervisors, employees, and/or agents, and the failures to correct the wrongful conduct.

108. As a direct and proximate cause of Defendants' negligent supervision and hiring and failure to train, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against Defendants on his behalf for the following:

A. Special damages in an amount according to proof at trial;

B. General damages, including but not limited to physical, mental, and emotional injury resulting from the acts complained of herein;

C. Punitive damages;

COMPLAINT FOR DAMAGES - 13
*VANBEEK V. NORTHSHORE CHRISTIAN CHURCH, ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

1      D.    Injunctive relief;

2      E.    Attorney's fees, prejudgment interest, costs, liquidated damages, and any other appropriate remedy as may be provided by law;

4      F.    Compensation for any tax penalty associated with recovery; and

5      G.    For such other and further relief as the court deems just and equitable.

**DATED** January 25, 2023.

**AKW LAW, P.C.**

/s/ Ada K. Wong
/s/ Jordan T. Wada
Ada K. Wong, WSBA #45936
Jordan T. Wada, WSBA #54937
Attorneys for Plaintiff
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel.: (206) 259-1259
Fax: (855) 925-9529
E-mail: ada@akw-law.com
E-mail: jordan@akw-law.com

COMPLAINT FOR DAMAGES - 14
VANBEEK V. NORTHSHORE CHRISTIAN CHURCH, ET AL.

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529